Ernest ARGERAS, et al., Appellants,

v.

GF CORPORATION, et al., Appellees.

No. 4:90CV1986.

United States District Court,
N.D. Ohio, E.D.

May 5, 1992.

Staughton Lynd, Northeast Ohio Legal Services, Youngstown, Ohio, Jacklynn M. Zarnick, Canfield, Ohio, Maralyn D. Leaf, Canfield, Ohio, for appellants.

Michael A. Gallo, Jr., Nadler, Nadler & Burdman, Youngstown, Ohio, Michael Molinaro, Katten, Muchin & Zazais, Chicago, Ill., for GF Corp. and GF Furniture Systems, Inc.

Richard Smolev, Sachoff & Weaver, Chicago, Ill., for Sanwa Business Credit Corp.

Russell E. Carnahan, Cloppert, Portman, Sauter, Latanick & Foley, Columbus, Ohio, for Local 3100 United Broth. of Carpenters Southern Council of Indus. Workers.

David M. Fusco, Schwarzwald, Robiner & Rock, Cleveland, Ohio, for United Steelworkers of America, AFL–CIO.

Harry W. Greenfield, Buckley, King & Bluso, Cleveland, Ohio, for Official Creditors Committee.

D. Keith Roland, Flask, Policy, Weimer & White, Youngstown, Ohio, for Official Salaried Retiree Committee of Creditors.

Joseph M. Houser, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for City of Youngstown.

Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for Bank One, Youngstown.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

James B. Hicks, White & Case, Los Angeles, Cal., for Legal Services for the Elderly, amicus.

## MEMORANDUM OF OPINION

MATIA, District Judge.

This is an appeal from an order of the bankruptcy court entered in Bankruptcy Case Nos. 490–00621 and 490–00622, 120 B.R. 421. After an examination of the briefs and record, or appendix to the brief, this Court determines that oral argument is not needed. Bankr.Rule 8012, 11 U.S.C.

Although numerous substantive issues have been raised in this appeal from an order dated October 11, 1990, the appeal can be disposed of solely on the issue of appellants' standing to file this appeal. That being a question of law, the standard of review to be applied by this Court is review *de novo*. That proposition of law is so well established that no citation of authority is necessary.

The essential facts are not in dispute. GF Corporation and its affiliate, GF Furniture Systems, Inc., filed a petition in bankruptcy on April 18, 1990, under Chapter 11. Pursuant to 11 U.S.C. § 1108, they remained as debtors in possession. On May 14, 1990, an entity known as GF Salaried Retirees' Organization filed a motion seeking appointment under 11 U.S.C. § 1114 as "authorized representative" of those persons receiving retiree benefits not covered by a collective bargaining agreement, and seeking appointment of current appellants' counsel as counsel to the committee. Instead, on May 23, 1990, the bankruptcy court appointed a different committee (Committee of Retired Employees) to represent such persons as "authorized representative." The bankruptcy court had previously recognized the United Steelworkers of America as the "authorized representative" of those persons receiving retiree benefits covered by a collective bargaining agreement. On June 6, 1990, counsel for appellants filed a Notice of Appearance on behalf of certain individual retirees (many or most of whom are the named appellants herein) and organizations of retirees.

Thereafter, the bankruptcy court entered a number of orders. On June 7, 1990, it entered an order providing that unpaid retiree benefits would have administrative expense priority, pursuant to 11 U.S.C.

§ 1114(e)(2), to be paid as soon as unencumbered funds became available. The debtor sought and was granted an extension of time within which to file an appeal from that order. The debtor then moved for reconsideration. The Unsecured Creditors' Committee filed a motion on July 31, 1990, to convert the case to a Chapter 7 case. Subsequently, the two retiree authorized representatives, the debtor and the Unsecured Creditors' Committee arrived at a compromise of their competing claims and requested its approval by the bankruptcy court. *See* Motion filed August 30, 1990. A hearing was held by the bankruptcy court, and on October 11, 1990, it entered an order approving the proposed compromise and vacating in part its June 7, 1990, order in order to allow the implementation of the compromise. These appellants filed a Notice of Appeal on October 19, 1990.

■ Appellees have challenged appellants' standing to bring this appeal. Their motions to strike the appellants' objections to the compromise were overruled by the bankruptcy court, which permitted appellants' counsel to be heard and, in fact, considered their objections. For the reasons which follow, this Court holds that appellants do not have standing to appeal.

Section 1114 of Title 11, U.S.C., provides for two possible "authorized representatives" of persons receiving any retiree benefits. The United Steelworkers of America is the "authorized representative" for persons receiving retiree benefits covered by a collective bargaining agreement, pursuant to § 1114(c)(1). Pursuant to § 1114(d), the bankruptcy court appointed the Retirees Committee as the "authorized representative" of those persons receiving retiree benefits *not* covered by a collective bargaining agreement. There is no provision in the section for any other authorized representative or for individual participation of persons receiving retiree benefits. *See* § 1114(b)(1), which provides that "[f]or purposes of this section, the term 'authorized representative' means the authorized representative designated pursuant to subsection (c) ... or subsection (d)...."

■ Moreover, the rights of persons receiving retiree benefits are not determined under the creditors' section, 11 U.S.C. § 1109(b). Their rights are established by 11 U.S.C. § 1114. To allow individual retirees to intervene and participate could completely frustrate the effective implementation of § 1114—as evidenced by this appeal.

Since appellants do not have standing to bring this appeal, the other questions raised by the appeal need not be answered. However, in view of the unfortunate delay that has been caused by this appeal, the Court will briefly touch upon those issues.

. ■ Appellants have totally misread Section 1114 of Title 11, U.S.C. They have ignored the word "or" between subparagraphs (A) and (B) of § 1114(e)(1). When the debtor in possession and the authorized representatives of the recipients of retiree benefits agree to modification of such payments, subsections (g) and (h) of § 1114 *do not apply*. The bankruptcy court is not required to make any findings before such modification can be implemented. Section 1114 is an extraordinary remedy, and Congress has provided that retirees' authorized representatives can agree to modification on their own. Furthermore, it would be completely inconsistent with this concept to hold that the power to modify benefit payments does not also include the power to delay payment.

Accordingly, it is this Court's opinion that the bankruptcy court committed no error with respect to any of the issues raised by appellants. For the reason previously given, this appeal is dismissed, and the case is remanded to the bankruptcy court for further proceedings.